[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mark Antonios, brings this action to recover for injuries sustained in an automobile accident that occurred on November 11, 1991 in West Covina, California.
On March 8, 1996, the plaintiff, Mark Antonios, filed a three-count amended complaint against the defendant, Farmers Insurance Group of Companies.[1] The plaintiff makes the following pertinent allegations. The plaintiff is a resident of Connecticut. On or about November 11, 1991, at approximately 9:00 p. m., the motor vehicle operated by the plaintiff was negligently struck from the rear by a vehicle driven by an uninsured driver. Said accident occurred in California. The motor vehicle operated by the plaintiff was owned by Faisal Antonios, a California resident, and was registered in California. The plaintiff qualifies as an "insured person" under Faisal Antonios' automobile insurance policy. Said automobile insurance policy was issued by the defendant. The defendant has failed to pay compensation to the plaintiff as required by the automobile insurance policy. Count one demands arbitration of the plaintiff's insurance claim. Count two sounds in breach of contract based upon the defendant's failure to pay uninsured motorist benefits. Count three alleges that the defendant's conduct constitutes a violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815, et seq. CT Page 4800 [CUIPA].
On June 27, 1997, the plaintiff moved to default the defendant because the defendant had failed to answer the amended complaint. On July 9, 1997, the defendant objected to the plaintiff's motion for default. On August 12, 1997, the court, Gill, J., ordered: "A default shall enter unless the Defendant files an answer within two weeks." Despite Judge Gill's order, on August 20, 1997, the defendant moved for an extension of thirty days in which to respond to the amended complaint. The court, Vertefeuille, J., initially granted the motion for an extension of time. Judge Vertefeuille thereafter vacated her earlier decision, however, and denied the defendant's motion for an extension of time "due to [defense] counsel's failure to bring to the attention of the court Judge Gill's order that an answer be filed within 2 weeks from 8/12/97." (Emphasis in original.)
On August 22, 1997, the defendant filed a motion to strike count three of the amended complaint, and the portion of the plaintiff's prayer for relief seeking punitive damages and attorneys' fees with respect to count three, on the grounds that no private right of action exists under CUIPA and that the plaintiff failed to allege facts sufficient to show that the defendant had engaged in unfair settlement practices as a general business practice.
The plaintiff requested leave of the court to amend its complaint on March 12, 1996. The court, Sullivan, J., granted leave to amend open July 10, 1996. The defendant filed this motion to strike over thirteen months later on August 22, 1997. The motion to strike is untimely and is therefore denied. SeeChapman v. Norfolk Dedham Mutual Fire Insurance Co.,39 Conn. App. 306, 330-33, 665 A.2d 112, cert. denied, 235 Conn. 925,666 A.2d 1185 (1995); Practice Book § 177.
Carmen L. Lopez, Judge